UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH A. HAGLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV328MLM |
| ) | |
| TRUE MANUFACTURING CO., INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss Count II filed by Defendant True Manufacturing Co., Inc. Doc. 7. Plaintiff Deborah A. Hagler filed a Memorandum in Opposition to Defendant's Motion. Doc. 11. Defendant filed a Reply. Doc. 15. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief

survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555). See also Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. See also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

**BACKGROUND**

Plaintiff filed her Complaint in the Circuit Court of St. Charles County, Missouri, and Defendant removed to this court. Docs. 1, 5. In her Complaint, Plaintiff alleges that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. In Count I, Plaintiff alleges that she was hired by Defendant on November 9, 1998; that she was an eligible employee under the FMLA; that she was on approved FMLA leave from January 26, 2010, to February 1, 2010; that her return to work date was February 2, 2010; that, upon her return to work, on February 2, 2010, she became ill and left work early; that, on February 3, 2010, Plaintiff began calling in sick and reporting her absences to Defendant; that her doctor certified that she was unable to work within the meaning of the FMLA from February 3, 2010, with a return to full duties on February 23, 2010; that Plaintiff completed the necessary FMLA paper work; that the serious health condition for the February 3, 2010 through February 22, 2010 FMLA leave was a continuation of the condition for which Plaintiff was authorized FMLA leave from January 26, 2010, to February 1, 2010; that Defendant unilaterally and improperly designated her FMLA leave from February 3, 2010, through February 22, 2010, as intermittent leave, thereby requiring Plaintiff to call in each day during her approved leave; that Plaintiff discussed with Defendant that she had erratic sleep patterns due to her illness and interaction of prescribed medications; that, due to the erratic sleep patterns, Plaintiff failed to call-in and report her absence on February 19 and 22, 2010; that, on February 22, 2010, Defendant discharged Plaintiff on the ground that, by failing to call-in on February 19, and 22, 2010, she violated Defendant's intermittent leave call-in policy; that, on the basis of a complaint filed by Plaintiff, the U.S. Department of Labor, Wage and Hour Division ("WHD") found that Defendant violated

Plaintiff's rights under the FMLA by the aforementioned conduct and found that Defendant had engaged in similar conduct in the past; that Defendant refused to settle pursuant to a recommendation by the WHD; and that the WHD then advised Plaintiff of her right to file a private cause of action. Plaintiff further alleges, in Count I, that Defendant violated the FMLA by designating her leave as intermittent, by adopting and enforcing a more stringent notification standard than the FMLA requires, by terminating her before her return to work date of February 23, 2010, and by terminating her employment in retaliation for her attempting to exercise her rights under the FMLA.

In Count II of her Complaint, Plaintiff brings a class action pursuant to 29 U.S.C. § 2617(a)(2) and Missouri Rule 52.08. In particular, Count II incorporates the allegations of Count I and further states that Plaintiff brings the class action on behalf of former and current employees of Defendant "who have applied for family or medical leave under the FMLA and have been denied, been disciplined, had their employment terminated, or otherwise had their rights under the FMLA interfered with or have been harassed or who have experienced adverse employment action in retaliation for the exercise of rights under the FMLA." Doc. 5, ¶ 31. Plaintiff also alleges, among other things, that, "although the exact size of the class is unknown to Plaintiff at this time, membership in the class potentially numbers dozens, if not hundreds, of former and current employees of Defendant [] so that the class is sufficiently numerous that joinder of all members of the class is impracticable"; that there are numerous questions of fact and law common to all class members and which "predominate over any questions applicable only to individual" class members; that Plaintiff's claims are "typical of the claims of other members of the Class which she seeks to represent"; and that a class action is superior to other available methods for the fair and efficient adjudication of the issues raised in this action in that individual ligation would risk inconsistent results, increase the expense and

burden on Defendant, cause wasteful duplication, and create delay in the final disposition of all issues.

Doc. 5, ¶ 32-34, 37. As such, Plaintiff seeks certification, in Count II, of a class consisting of:

> all current and former Missouri employees of Defendant [] who, during the three years prior to the filing of this action, have applied for FMLA leave and have been denied, disciplined, discharged or otherwise had their rights under the FMLA restricted due to adverse employment action or increased burdens imposed by Defendant [], or such other class or subclasses as may be proper under the circumstances.

Doc. 5 at 10-11.

## LEGAL FRAMEWORK and DISCUSSION

The Federal Rules of Civil Procedure govern class actions after removal from State to federal court. Smith v. Bayer Corp., 131 S.Ct. 2368, 2374 n.2 (2011). Fed. R. Civ. P. Rule 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Class certification under Rule 23 is proper only if the requirements of Rule 23(a) and Rule 23(b) are satisfied. Specifically, Rule 23(a) states that the prerequisites for class certification include the following:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

All of the criteria set forth in Rule 23(a) must be met for class certification; failure to meet anyone of them precludes class certification. Blades v. Monsanto Co., 400 F.3d 562, 568-69 (8th Cir. 2005 (citing Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997)). If Rule 23(a) criteria are satisfied, a plaintiff seeking class certification must also satisfy one of the subsections of Rule 23(b). Id. In particular, Rule 23(b) provides that a class may be certified if the prerequisites of Rule 23(a) are met as well as the following:

5

(1) prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

In the pending Motion to Dismiss Count II, Defendant contends that the class described in Plaintiff's Complaint fails to provide sufficient definite and objective criteria; that Plaintiff cannot satisfy the requirements of Federal Rule 23(b)(3) in regard to either interference with FMLA rights or in regard to FMLA retaliation; that class certification must fail under Rule 23(b)(1) because Plaintiff's cause of action is for money damages; that certification must fail under Rule 23(b)(2) because, although Plaintiff seeks injunctive relief, this relief does not predominate over the money damages sought; that Plaintiff does not satisfy the commonality requirement of Rule 23(a)(2); that Plaintiff does not satisfy the "typical" requirement of Rule 23(a)(3); and that Plaintiff cannot fairly and adequate represent the putative class pursuant to Rule 23(a)(4). Plaintiff disputes Defendant's

arguments, contends that she should have the benefit of limited discovery prior to the court's determination of the issues presented in Defendant's Motion to Dismiss, and requests that, in the event the court finds that dismissal is appropriate, that the court do so without prejudice thereby giving Plaintiff the opportunity to amend her Complaint.

The court will first address Defendant's arguments regarding Rule 23(a)(2)'s commonality requirement. "[T]o be certified, [a] purported class must satisfy the court that 'there are questions of law or fact common to the class' that 'predominate over any questions affecting only individual members.' Fed. R. Civ. P. 23(a)(2) []. In other words, class action plaintiffs must allege and undertake to prove that each class member was injured by the same wrongful act or acts." H & R Block, Inc. v. American Intern, Speciality Lines Ins. Co., 546 F.3d 937, 942 (8th Cir. 2008). Rule 23(a) "does not require that every question of law or fact be common to every member of the class." Paxton v. Union Nat'l Bank, 688 F.2d 552, 561(8th Cir. 1982) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1334 (8th Cir. 1974); Like v. Carter, 448 F.2d 798, 802 (8th Cir. 1971)). "Commonality [does] require[] the plaintiff to demonstrate that the class members 'have suffered the same injury.' This does not mean merely that they have all suffered a violation of the same provision of law." Wal-Mart v. Dukes, 131 S.Ct. 2541 (2011), 2551 (quoting Gen. Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157 (1982)). As noted by the Supreme Court in Wal-Mart, a statute "can be violated in many ways." Id. A plaintiff's claim that fellow employees suffered an injury pursuant to the same statute, in this case the FMLA, "gives no cause to believe that all their claims can productively be litigated at once. Their claims must depend upon a common contention ... . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. In Wal-Mart, the Court gave the example

7

of a case alleging discrimination under Title VII and noted that this statute can be violated by intentional discrimination or by hiring and promotion criteria that result in disparate impact and by the use of such practices by different supervisors within the same company. In such a case the Court stated that, "[q]uite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once." Id.

In the matter under consideration, Plaintiff's description of the proposed class includes employees who applied for and were denied FMLA leave, employees whose employment was terminated in violation of the FMLA, employees who had their FMLA rights "interfered with," employees who were disciplined because they exercised their FMLA rights, employees who were harassed because they exercised their FMLA rights, and employees who otherwise experienced adverse employment actions in retaliation for their exercising FMLA rights. Doc. 5, ¶¶ 29-31; Doc. 5 at 10-11. Plaintiff contends, moreover, as the crux of her individual claim in Count I, that Defendant "unilaterally and improperly" designated her leave as intermittent under the FMLA, the effect of which was to require her to call in each day of her absence. Doc. 5, ¶ 13. Plaintiff also contends and argues that Defendant violated the FMLA by adopting and enforcing a more stringent notification standard than the FMLA requires, by terminating her under those circumstances, by retaliating against her for exercising her rights under the FMLA, by failing to follow its own leave of absence policy, and by failing to allow Plaintiff "the required fifteen days to furnish a medical authorization which would have explained that the absence resulting in her discharge was a continuation of [her] earlier leave." Doc. 5, ¶ 22; Doc. 11 at 2-3. Thus, in essence, in Count II of her Complaint, Plaintiff proposes a class which would include any employee of Defendant who had his or her FMLA rights violated, for any reason, during the three years prior to the filing of this lawsuit.

The court finds, therefore, that Plaintiff has failed to state a plausible claim that the class she proposes can meet the commonality requirement of Rule 23(a)(2). See Wal-Mart, 131 S.Ct. at 2551; Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.  Under such circumstances, the court need not inquire further as to whether Plaintiff has stated a plausible claim that she can meet the criteria of Rule 23(a)(1), (3) and (4) and the criteria of Rule 23(b)(1), (2), or (3). See Blades, 400 F.3d at 568-69. As such, the court will grant Defendant's Motion to Dismiss Count II.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count II filed by Defendant is **GRANTED**; Doc. 7

**IT IS FURTHER ORDERED** that Count II of Plaintiff's Complaint is **DISMISSED**, **without prejudice**. Doc. 5, Count II.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of March, 2012.